IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STATE OF TEXAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>UNITED STATES DEPARTMENT OF )<br>THE INTERIOR, and GALE NORTON )<br>in her Official Capacity as Secretary of the )<br>Department of the Interior, )<br>)<br>Defendants )<br>)<br>and )<br>)<br>Kickapoo Traditional Tribe of Texas )<br>)<br>Defendant-Intervenor ) | CA No. A 04 CA 143 LY<br>Hon. Lee Yeakel |

## UNITED STATES' EXHIBITS
## FOR PRELIMINARY INJUNCTION AND
## MOTION TO STAY ADMINISTRATIVE PROCEDURES HEARING

The Defendants, United States of America, United States Department of the Interior, and Gale Norton, Secretary of the Interior ("United States") reiterates, as presented in its Response to the Plaintiff's Application for Preliminary Injunction, that it believes the Court can summarily dispose of the State's Application without the need for an evidentiary hearing. However, in the event the Court determines such a hearing is required, the United States reserves the right to submit the following exhibits:

1) March 30, 2004 Letter from Pilar M. Thomas, United States Department of Justice to William T. Deane, Office of the Attorney General, State of Texas.

2) March 18, 2004 Letter from Jeff L. Rose, Division Chief, General Litigation Division to George Skabine, Director, Office of Indian Gaming Management

3) Class III Gaming Procedures Timeline

The United States also intends to call Paula Hart, Office of Indian Gaming Management, Bureau of Indian Affairs as a witness.

Respectfully Submitted,

THOMAS SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

Dated:       April 16, 2004

_/s/ Daniel M. Castillo for_
PILAR M. THOMAS
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, DC 20026-4378
(202) 353-8596 Phone
(202) 305-0271 Fax

JOHNNY K. SUTTON
United States' Attorney
Western District of Texas

Of Counsel:
RICHARD G. MYERS
Office of the Solicitor
Division of Indian Affairs
United States Department of the
    Interior
1849 C Street NW - MS 6456
Washington, D.C. 20240

DANIEL CASTILLO
Assistant United States' Attorney
Western District of Texas
816 Congress Avenue
Suite 1000
Austin, TX 78701

## CERTIFICATE OF SERVICE

I hereby certify that on or before this 16th day of April, 2004, a true and correct copy of the foregoing United States' Response in Opposition to Plaintiff's Application for Preliminary Injunction and For Stay of Administrative Proceeding and United States' Exhibits for Preliminary Injunction and Motion to Stay Administrative Procedures Hearing were served by United States Postal Service first class, postage pre-paid mail to the following:

WILLIAM T. DEANE
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711

*Attorney for the Plaintiff, State of Texas*

RICHARD G. MYERS
Office of the Solicitor
Division of Indian Affairs
United States Department of the Interior
1849 C Street NW - MS 6456
Washington, D.C. 20240

*Of Counsel for Defendant, United States*

GLORIA HERNANDEZ
General Counsel
Kickapoo Traditional Tribe of Texas
545 Quarry Street
Eagle Pass, Texas 78852

*Attorney for Defendant-Intervenor, Kickapoo Traditional Tribe of Texas*

JOHNNY K. SUTTON
United States' Attorney
DANIEL CASTILLO
Assistant United States' Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701

*Attorney for Defendant, United States*

GAINES WEST
West, Webb, Allbritton, Gentry & Rife
1515 Emerald Plaza
College Station, Texas 77845

*Attorney for Defendant-Intervenor, Kickapoo Traditional Tribe of Texas*

JENNIFER HUGHES
M. FRANCES AYER
JOSEPH H. WEBSTER
Hobbs, Straus, Dean & Walker, LLP
2120 L Street NW, Suite 700
Washington, DC 20037

*Attorney for Defendant-Intervenor, Kickapoo Traditional Tribe of Texas*

Dated: April 16, 2004

Pilar M. Thomas
AZ Bar No. 022063
Trial Attorney
United States of America



**U.S. Department of Justice**

Environment and Natural Resources Division

SCA: pmt 90-6-21-00926

*Indian Resources Section*
*P.O. Box 44378*
*L'Enfant Plaza Station*
*Washington, DC 20026-4378*

Telephone (202) 315-0269
Facsimile (202) 315-0271
Direct Line (202) 353-8596

VIA FACSIMILE

March 30, 2004

William T. Deane
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548



COPY FOR YOUR INFORMATION

Re:   State of Texas v. United States of America, et al.
      U.S. District Court, Western District of Texas, Austin Division
      CA No. A04CA143-LY

Dear Mr. Deane:

The State of Texas ("State") has filed an Application for Preliminary Injunction, seeking a stay of the application of the Department of the Interior's ("Department") administrative process under 25 C.F.R. Part 291 to the State of Texas. It is our understanding that the State is concerned about the potential final approval of gaming procedures for the Kickapoo Tribe under this challenged regulation.

In the past, the Department has represented, to Congress and to the court in State of Florida, et al. v. United States, Case No.: 4:99-CV137-RH (N.D. Fla.), that it will not make a set of procedures effective by publishing them in the Federal Register until a court has been able to adjudicate the Secretary's authority to issue the regulations. In an effort to respond to the State's concerns raised in its Application for Preliminary Injunction, this letter serves as a similar assurance and representation.

The United States intends to file its response to the State's complaint within sixty (60) days of service. That response is due on May 14, 2004. The Interior Department has authorized me to represent for the United States that there will be no final agency decision or other final agency action on the gaming procedures for the Kickapoo Tribe before that date. Thus, the State's Application for Preliminary Injunction should be moot.

Given this representation, it is unnecessary to go forward with the State's Application for Preliminary Injunction. Regardless of the merits of the State's substantive issues, there clearly is no threat of irreparable harm–a critical element of establishing an injunction–given that no agency action is imminent. Therefore, in order to reserve the resources of the Court and the parties, the United States requests that the State withdraw its Application. This will allow the parties to litigate the substantive issues raised in Plaintiff's complaint on their merits as opposed to diverting resources toward pursuing emergency relief, which is unnecessary and untimely at this moment.

We look forward to your consideration of our request. If you have any questions, please do not hesitate to contact me at (202) 353-8596. We look forward to working with you to resolve the State's request for a preliminary injunction in a cooperative manner, as opposed to bringing this unnecessarily to the attention of the busy Court.

Sincerely,

Pilar M. Thomas
Trial Attorney

cc: Richard G. Myers
Office of the Solicitor
Division of Indian Affairs
U.S. Department of the Interior
1849 C Street NW - MS 6456
Washington, DC 20240

Jennifer Hughes
Joseph Webster
Hobbs, Strauss, Dean & Walker, LLP
2120 L Street NW, Suite 700
Washington, DC 20037

Gloria Hernandez
General Counsel
Kickapoo Traditional Tribe of Texas
545 Quarry Street
Eagle Pass, Texas 78852

Gaines West
West, Ebb, Allbritton, Gentry & Rife
1515 Emerald Plaza
College Station, Texas 77845

Honorable Gregg Abbott
Attorney General
State of Texas
300 West 15th Street
Austin, Texas 78701

Honorable Rick Perry
Governor
State of Texas
State Capitol
P.O. Box 12428
Austin, Texas 78701

- 2 -



EXHIBIT
1
2 of 2




OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

March 18, 2004



*Via Fax: (202) 273-3153*
*and UPS Overnight Mail*

Mr. George Skabine
Director
Office of Indian Gaming Management
Office of the Assistant Secretary – Indian Affairs
1849 C Street NW
MS 4543-MIB
Washington, D.C. 20240

Re:  *State of Texas v. United States of America, et al.*
     CA No. A04CA143-LY, U.S. District Court, Western District of Texas, Austin Division

Dear Mr. Skabine:

In response to your invitation to comment on the Kickapoo Tribe of Texas' proposal for Class III gaming in the State of Texas, I enclose a copy of the Original Complaint which the State of Texas filed last week in the United States District Court for the Western District of Texas, Austin Division.

As set forth in the Complaint, it is our position that the Secretarial procedures in 25 CFR § 291 lack proper authority and conflict with the provisions of IGRA. Based on that position, we respectfully decline to respond at this time and request that the Secretary abate these proceedings under the challenged rules until a judicial determination can be reached.

Sincerely,

JEFF L. ROSE
Division Chief
General Litigation Division
(512) 463-2120

Enc:  Plaintiff's Original Complaint, CA No. A04CA143-LY

cc:   John Ashcroft, United States Attorney General
      Johnny Sutton, United States Attorney for the Western District of Texas

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548   TEL: (512) 463-2100   WEB: WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*



EXHIBIT 3

## CLASS III GAMING PROCEDURES TIMELINE

**291.6(a) — 15 days**
The Secretary must notify the Indian tribe, the Governor and the Attorney General that the proposal has been received and is complete

**291.6(b) — 30 days**
The Secretary must notify the Indian tribe that the proposal meets the eligibility requirements

**291.7 — 60 days**
The Governor and the Attorney General may comment

**291.8**
The State has not submitted an alternative proposal

**291.9 — 30 days**
The State has submitted an alternative proposal and the Secretary must appoint Mediator

**291.8(b) — 60 days**
The Secretary must notify the Indian tribe, the Governor, and the Attorney General that he has:

**291.10**
The Mediator has no deadline

**291.11 — 60 Days**
The Secretary reviews Mediator's submission

**291.8(b)(1)** approved the proposal

**291.8(b)(2) — 30 days** Identify unresolved issues and invite parties to informal conference

**291.11(a)** Approve Procedures

**291.11(b)** Disapprove Procedures

**291.11(c)** Prescribe Procedures

**291.8(c)(1) — 30 days** Summarize informal conference and notify parties of results

**291.8(c)(2)** Set forth procedures or Disapprove proposal

**291.13 — 90 days**
Indian Tribes have time to approve and execute